RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Petitioner, v. TAX COURT OF PUERTO RICO, Respondent.

No. 75.   Argued March 4, 1946.—Decided April 30, 1946.

*E. Campos del Toro, Attorney General,* and *M. Toro Lucchetti,* Law Clerk of the Department of Justice, for petitioner. *J. J. Ortiz Alibrán* for intervener, complainant in the main proceeding.

MR. JUSTICE CÓRDOVA delivered the opinion of the court.

An American citizen, domiciled in Madrid, received during the years 1936 to 1940 income derived from sources in Puerto Rico and income derived from sources in Spain. He reported his income from local sources and paid the tax on the basis of the rate applicable to residents of Puerto Rico. Subsequently, the Treasurer assessed deficiencies based on (1) the inclusion of the income from Spanish sources and (2) the application to the whole income of the taxpayer of the rate provided by law for nonresidents.

The taxpayer appealed to the Tax Court challenging the inclusion of the income derived without Puerto Rico as well as the application of a tax rate higher than that applicable to residents of Puerto Rico. After the Treasurer had answered the complaint, the parties agreed to submit the case

upon a stipulation which set forth the facts to which we have already referred, and submitted to the Tax Court the following questions of law:

"(a) Whether a citizen of Puerto Rico and of the United States, residing permanently in Madrid, Spain, is bound to pay in Puerto Rico an income tax on salaries and bonuses received from the Internation Telegraph & Telephone Company, for services rendered in Spain during the years mentioned in the complaint and in accordance with the law then in force. The appellant maintains that he is not bound to pay anything, and, on the contrary, the respondent contends that, as the appellant is a citizen of Puerto Rico and of the United States, even though he resides in a foreign country, he is bound to pay for the income earned by him for services rendered in that country.

"(b) And subsidiarily, in case it should be held that such salaries and compensations should be reported by the appellant, whether he is liable to pay a tax higher than that paid by citizens of Puerto Rico and of the United States, who reside in Puerto Rico. The appellant maintains that such a discrimination is contrary to Section 2 of the Organic Act of the United States and to Section 4 of the Federal Constitution; and, on his part, the respondent contends that, according to the Act in force during the years to which this action refers, the Treasurer is authorized to impose a higher tax.

"The appellant waives all other questions of fact and of law set up in the complaint."

The Tax Court decided that the taxpayer was not bound to pay a tax in Puerto Rico on the income derived by him from Spanish sources, since he is not a resident of Puerto Rico. The court added that "it is not necessary to discuss or decide the second question raised by the complaint, under the stipulation made by the parties."

The Treasurer then filed the computation of the tax due, that is, the tax on income derived from sources in Puerto Rico. The taxpayer objected to the computation, calling the attention of the court to the fact that the computation was based on the application to the taxpayer's income in Puerto Rico of a tax rate higher than that imposed on residents of Puerto Rico.

The Tax Court concluded that it was the intention of the parties, when submitting the case upon the stipulation, to raise the question of whether or not the imposition on the taxpayer of a tax rate higher than that applied to residents of Puerto Rico constituted an improper discrimination, which question was erroneously characterized by the parties as subsidiary to the other one raised in the case, and for this reason the court did not pass upon it. Invoking the case of *Fiddler* v. *Tax Court, ante,* p. 189, in which the taxpayer was allowed to raise for the first time, when objecting to the computation, a matter which he had not raised in his complaint, the respondent court held that it could pass on the alleged discrimination, and decided that it was improper to apply to the taxpayer a tax rate higher than that applied to residents of Puerto Rico.

The Treasurer, in his petition for certiorari, alleges that the Tax Court erred in passing on the matter of the alleged discrimination. We do not agree. It is true that the taxpayer, in his stipulation, waived "all the other questions of fact and of law set up in the complaint," with the exception of the two questions expressly submitted upon the stipulation. But one of those two questions was "whether he (the taxpayer) is liable to pay a tax higher than that paid by citizens of Puerto Rico and of the United States, who reside in Puerto Rico." It is true that this question was submitted as subsidiary to the other one, which related to the imposition of a tax on the income derived from Spanish sources. But it is equally true that the question of discrimination, in the precise form stated in the stipulation, is not necessarily a subsidiary question. Hence, we have a stipulation which is ambiguous to a certain extent. We can not say that the interpretation finally given to it by the Tax Court is erroneous. We rather think that the Tax Court grasped the real intention of the parties when it concluded that the complaint had never intended to waive the question of discrimination set up in his complaint. This being so, and since the court failed to decide

that question in its original decision, it acted correctly in considering and determining it when it was opportunely called to its attention, after the filing and before the approval of the computation.

■ The petitioner also urges that the Tax Court erred on the merits of the question, in deciding that the taxpayer cannot be taxed at a rate higher than that applicable to residents òf Puerto Rico. But this point has already been decided against the contention of. the petitioner. *Fiddler* v. *Tax Court, supra*. The fact that in the *Fiddler* case the taxpayer resided in Connecticut whereas here the taxpayer resides in Spain, is a difference which is wholly irrelevant.

For the reasons stated the writ issued should be discharged.